## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

------------------------------------------------------

| | |
|---|---|
| KENNETH HARRISON, LAURA HARRISON AND D & L AUTO BODY & TOWING, INC. : : : : Plaintiffs, : : V. : : SEAN MCMAHON, GERALD R. CHARAMUT, JOHN MIHALICK, and JULIE MIHALICK : : : : Defendant. : : | CIVIL ACTION NO. 3:02CV477(AVC)  JANUARY 30, 2004 |

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

### I. PROCEDURAL HISTORY

On February 19, 2002, plaintiffs filed an eight-count complaint in the Superior Court for the County of Hartford, against defendants Sean McMahon, Gerald R. Charamut, John Mihalick and Julie Mihalick ("Defendants"). Plaintiff Kenneth Harrison alleges the following causes of action against the Defendants Mihalick: Malicious Prosecution (Count Four) and Intentional Infliction of Emotional Distress (Count Five). The Plaintiff D&L Auto Body & Towing, Inc. alleges tortuous interference with a business in Count Eight against the defendants Mihalick.

On March 19, 2002, defendants (Sean McMahon and Gerald R. Charamut) removed this action to the United States District Court for the District of Connecticut pursuant to 28 USC §1441(b). Defendants (Sean McMahon and Gerald R. Charamut) filed their Answer and Affirmative Defenses on May 6, 2002. Defendants Mihalick hereinafter ("Mihalick") filed their Answer and Affirmative Defenses on May 8, 2002.

With regard to discovery, defendants took plaintiffs' depositions on August 7, 2003. Defendants (Sean McMahon and Gerald R. Charamut) have also served interrogatories and document requests on plaintiffs.

## II. STATEMENT OF FACTS

Defendant John Mihalick operated a trucking business, J.P. Transportation, in 1999 and did business with D & L Auto Body & Towing, Inc. Deposition of John Mihalick 8/7/03 ("John Mihalick Dep.") at 9. Defendant Julie Mihalick, wife of defendant John Mihalick, does most of the banking and bookkeeping for J.P. Transportation. Deposition of Julie Mihalick 8/7/03 ("Julie Mihalick Dep.") at 11. The plaintiff Kenneth Harrison, a principal of D & L Auto Body & Towing, Inc., wrote a check, hereinafter ("Bad Check") dated January 28, 1999 in the amount of $2,640.00 to defendant John Mihalick. Deposition of Kenneth Harrison ("Kenneth Harrison Dep.") at 7.

John Mihalick received the Bad Check from D & L Auto Body & Towing. Inc. for $2,640.00 and defendant Julie Mihalick took the Bad Check to Enfield Community Federal Credit Union ("ECFU") and deposited it. John Mihalick Dep. At 32. The ECFU notified defendant Julie Mihalick on February 2, 1999 that the Bad Check had been returned for non-sufficient funds "NSF". Julie Mihalick Dep. at 17, 18.

Defendant Julie Mihalick attempted to contact the plaintiffs at D & L Auto Body & Towing, Inc. on several occasions to resolve the matter of the returned check but was unable to resolve the matter. Julie Mihalick AFF ¶10. On February 9, 1999 defendant Julie Mihalick forwarded a letter signed by John Mihalick to D & A Auto Body & Towing, Inc. by certified mail regarding the Bad Check. After receipt of the letter, plaintiff Kenneth Harrison contacted defendant Julie Mihalick to replace the Bad Check returned for non-sufficient funds. Kenneth Harrison Dep. at 7.

Defendants Mihalick meet with plaintiff on February 14, 1999. Julie Mihalick Dep. at 35. Plaintiff Kenneth Harrison requested the check and told defendant Mihalicks that he would make restitution. Kenneth Harrison Dep. at 7, 8. Plaintiff Kenneth Harrison sent to defendant Mihalicks six western union money orders totaling $2,640.00. Julie Mihalick. AFF ¶15 Defendant Julie Mihalick took the money orders to ECFU and attempted to deposit them in their checking account. Julie Mihalick Dep. at 54. ECFU refused to accept the money orders. *Id*. at 54.

ECFU refused to accept the money orders because the money orders needed to be signed on the front by the purchaser. *Id*. at 53, 54. Plaintiff Kenneth Harrison, the purchaser, had not signed the money orders. Kenneth Harrison Dep. at 9.

Defendant John Mihalick complained to members of the Berlin Police Department regarding Kenneth Harrison's failure to make restitution for the Bad Check that had been returned due to insufficient funds. John Mihalick Dep. at 53. On February 22, 1999 defendant John Mihalick appeared at the Berlin Police Department and requested that Kenneth Harrison be arrested for failing to make restitution for the Bad Check. John Mihalick Dep. at 53. Mr. Mihalick told the police about the money orders he had received from Mr. Harrison. John Mihalick Dep. at 68. On February 22, 1999 defendant John Mihalick signed an affidavit in support of an Arrest Warrant Application ("the arrest warrant application") regarding the Bad Check. John Mihalick Dep. at 53; John Mihalick Aff. ¶17

In May of 1999 defendant Julie Mihalick received a letter dated May 1, 1999 from Attorney Robert O. Wynne on behalf of D & L Auto Body & Towing, Inc. asking for a telephone conference. John Mihalick Aff. ¶20. Defendant Julie Mihalick contacted Attorney Wynne and explained that the bank refused to accept the money orders. Julie Mihalick Aff. ¶23. Soon after the telephone conference defendant Julie Mihalick received a second letter from

4

Attorney Wynne on May 14, 1999 which indicated that the Mihalick bank would now accept the money orders. John Mihalick Aff. ¶22.

After receiving similar instructions from the state attorneys office in the Superior Court of Middletown, the defendant Mihalick deposited the money orders in the EFCU.

### III. ARGUMENT

**A. Standard of Review.**

A movant for summary judgment must establish that there are no genuine issues of material fact in dispute and that she is entitled to judgment as a matter of law.  FED.R.Civ.P. (56); *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248, 106 S. Ct 2505, 91 L.Ed. 2d 202 (1986).  Summary Judgment is utilized to eliminate the delay and expense of a trial where there is no issue to be tried.  See *Weinstock v. Columbia Univ.*, 224 F. 3d 33, 41 (2d Cir. 2000); *Willis v. Anthem Blue Cross & Blue Shield of Conn.*, 192 F. Supp. 2d 436, 442 (D. Conn. 2001).

The evidence must be examined in the light most favorable to, drawing all inferences in favor of, the non-moving party.  *Lucente v. IBM Corp.*, 310 F 3d 243, 253 (2d Cir. 2002).

Conclusory allegations will not suffice to create a genuine issue. *Delaware & H.R. Co. v. Conrail*, 902 F. 174, 178 (2d Cir 1990).

**B. The facts do not support Plaintiff's claim of malicious prosecution against the defendants Mihalick.**

The plaintiffs allege malicious prosecution (Count Four) and intentional infliction of emotional distress (Count Five) against defendants Mihalick.

An action for malicious prosecution against a private person in Connecticut requires a plaintiff to prove: "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiffs; (2) the criminal proceedings have terminated in favor of the plaintiffs; (3) the defendant acted without probable cause; and (4) the defendant acted with malice; primarily for a purpose other that that of bringing an offender to justice." *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815 (1982).

Plaintiff's claim of malicious prosecution must fail because the third element that the defendants Mihalick acted without probable cause is not support by the uncontroverted facts. The Plaintiff's claim rests on the assertion that the defendants Mihalick acted without probable cause when informing the Town of Berlin Police Department of the plaintiff's bad check and the defendant John Mihalick signing an arrest warrant on February 22, 2004 in support of such allegation.

Plaintiff in his complaint in Paragraph 16 states:

"The defendants John P. Mihalick and Julie instigated procured and/or effected the plaintiff Kenneth R. Harrison's arrest by falsely informing the police that the plaintiff had failed to make restitution for a check that had not been honored."

"Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action." *Ancona v. Manafort Bros., Inc.*, 56 ConnApp. 701, 708, 746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). Given the following undisputed facts the defendants Mihalick had reasonable grounds to take this matter of the bad check to the police.

On January 28, 1999 defendant John Mihalick received a check from D & L Auto Body & Towing, Inc. for $2,640.00. Shortly thereafter, defendant Julie Mihalick deposited the check with Enfield Federal Credit Union. On February 2, 1999 the Enfield Federal Credit Union notified the defendant Julie Mihalick that the check had been returned for insufficient funds. The defendant, John Mihalick sent a certified letter to the Plaintiff notifying the plaintiff of the bad check.

Plaintiff, then sent the defendant, John Mihalick, six western union money orders totaling $2,640.00 drawn made payable to the defendant John Mihalick. Defendant Julie Mihalick took the money orders to ECFU attempting to deposit them and ECFU refused to accept the money orders because they were not signed on the front by the purchaser.

The Defendants attempted to contact the plaintiff about their inability to negotiate the money orders but never were able to resolve the issue with the Plaintiff.

Defendants Mihalick had probable cause to believe plaintiffs had acted wrongfully and in violation of the law gave them a bad check. With little alternative, defendants Mihalick went to the Middletown Police Station on February 22, 1999 to sign an arrest warrant application. The defendants Mihalick informed the Police Department of the Town of Berlin of the complete facts including the receipt of the money orders and there inability to negotiate them. This allowed law enforcement agents to act however they deemed necessary with the information provided.

There is no evidence to support the plaintiff's allegation that the Defendants Mihalick provided any false information to the police.

The defendant Mihalicks were only able to negotiate the money orders after the intervention of the plaintiffs' attorney Robert Wynne with the defendants Mihalick bank.

The defendants Mihalick had reasonable grounds to contact the police and have the police prosecute an action against the plaintiff.

**C. Plaintiff's claim of intentional infliction of emotional distress fails if there is no underlying outrageous conduct.**

The plaintiff in the fifth count alleges an intentional infliction of emotional distress by the defendants Mihalick.

In order to prevail on the intentional infliction of emotional distress claim, the plaintiff must allege, and ultimately prove: "'(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.'" Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986)

Further, "liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." DeLaurentis v. New Haven, 220 Conn. 225, 267, 597 A.2d 807 (1991); Rennie v. Glass, Molders, Pottery Plastics & Allied Workers International Union, AFL-CIO, 38 F. Supp. 2d 209 (D. Conn. 1999).

The defendants Mihalick conduct in light of the uncontroverted facts was appropriate and reasonable. They received a bad check form the plaintiff, they notified the plaintiff of the problem and more than twelve days after they were notified of the bad check they received six money orders to replace the bad check. The defendants Mihalick were unable to negotiate the money orders given to replace the bad check, and they could not resolve this issue with the plaintiff. The defendants Mihalick then when to the police. All the information they provided to the police was truthful and accurate.

9

The facts do not support an allegation of conduct that was extreme and outrageous. Therefore, the plaintiff cannot as a matter of law establish a claim for intentional infliction of emotional distress.

### IV. CONCLUSION

For the foregoing reasons the defendants respectfully request that the court enter judgment in favor of the defendants on counts four and five of the plaintiffs' complaint.

        RESPECTFULLY SUBMITTED,
        DEFENDANTS,
        John Mihalick and Julie Mihalick

By:_____
    Paul W. Smith, Esq.
    Federal Bar Number Ct16867
    36 Main Street
    PO Box 338
    Windsor Locks, CT 06096

## **CERTIFICATION**

This is to certify that a copy of the foregoing, MOTION FOR SUMMARY JUDGMENT with Memorandum, affidavits and accompanying exhibits, has been sent via U.S. certified mailed, postage prepaid, this ___ day of January, 2004 to the following counsel of record:

Robert O. Wynne, Esq.
Gould, Killian & Wynne
280 Trumbull Street
Hartford, CT 06103

JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.
One State Street
PO Box 231277
Hartford, CT 06123

                By:_____
                  Paul W. Smith, Esq.
                  36 Main Street
                  P.O. Box 338
                  Windsor Locks, CT 06096