**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ------------------------------------------------------- : <br> KENNETH HARRISON, LAURA : <br> HARRISON and D & L AUTO BODY : <br> & TOWING, INC. : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> SEAN MCMAHON, GERALD R. : <br> CHARAMUT, JOHN MIHALIK, and : <br> JULIE MIHALIK : <br> : <br> Defendant. : <br> _____ : | CIVIL ACTION NO. 3:02cv477(AVC) <br><br><br><br><br><br><br><br><br><br> JANUARY 30, 2004 |

**LOCAL RULE 56c)(1) STATEMENT IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(c) of the Local Rules of Civil Procedure, the defendants John Mihalick and Julie Mihalick respectfully offer the following Statement of Undisputed Material Facts in support of their Motion for Summary Judgment.

1. At all times relevant to the complaint in this action, defendant John Mihalick was a resident of the Town of Enfield. Complaint, ¶6; Answer, ¶6.

2. At all times relevant to the complaint in this action, defendant Julie Mihalick was a resident of the Town of Enfield. Complaint, ¶6; Answer, ¶6.

348174

3. At all times relevant to the complaint in this action, defendant Kenneth Harrison was a principal of D & L Auto Body & Towing Co., Inc. Deposition of Kenneth Harrison of 8/8/03 ("Mr. Harrison Dep.") at 57.

4. By instrument dated January 28, 1999, Mr. Harrison signed and passed a check in the amount of $2,640.00, payable to defendant John Mihalick (the "Bad Check"). Mr. Harrison Dep. at 7.

5. Defendant Julie Mihalick deposited the Check in an account at Enfield Community Federal Credit Union. Deposition of John Mihalick of 8/7/03 ("Mr. Mihalick Dep.") at 32.

6. The Check was returned to Mrs. Mihalick due to insufficient funds. Mr. Harrison Dep. at 7.

7. On or about February 9 or 10, 1999, Mr. Mihalick complained to the Berlin Police Department about the Bad Check. Mr. Harrison's Dep. at 16.

8. Detective Manning of the Berlin Police Department called Mr. Harrison and discussed the Bad Check with him. Id.

9. By certified letter dated February 11, 1999, Mr. Mihalick informed Mr. Harrison that the Bad Check had been returned due to insufficient funds. Id. at 7.

10. Mr. Harrison received the Mihalick letter regarding the Bad Check and signed the certified return receipt. Id. at 7.

11. On or about February 14, 1999, Mr. Harrison obtained Western Union money orders totaling $2,640.00 (the "Money Orders"). Id. at 11.

12. Mr. Harrison gave the Money Orders to the Mihalicks. Id. at 9.

13. Mr. Harrison never signed the Money Orders. Id. at 9.

14. Mrs. Mihalick attempted to deposit the Money Orders at her credit union. Deposition of Julie Mihalick of 8/7/03 ("Mrs. Mihalick Dep.") at 54, 59-60.

15. When initially presented, the credit union would not deposit or cash the Money Orders because they were not signed. Id. at 54.

16. Mr. Mihalick complained to members of the Berlin Police Department regarding Mr. Harrison's failure to make restitution for the Bad Check that had been returned due to insufficient funds. Mr. Mihalick Dep. at 53.

17. On February 22, 1999, Mr. Mihalick appeared at the Berlin Police Department and requested that Mr. Harrison be arrested for failing to make restitution for the Bad Check. Mr. Mihalick Dep. at 53.

18. On February 22, 1999, Mr. Mihalick signed an affidavit in support of an Arrest Warrant Application (the "Arrest Warrant Application") regarding the Bad Check. Mr. Mihalick Dep. at 53.

19. The charges against Mr. Harrison were later dismissed after the entry of a nolle. (Record of Court Action of 7/8/99); transcript of State v. Harrison, CR 990182036-S of 7/8/99 at 2-3.

20. The Mihalicks were only able to negotiate the money orders after the attorney for Mr. Harrison contact the Enfield Federal Credit Union. Mrs. Mihalick Dep. at 54,56.

21. Mr. Harrison has not suffered from nightmares or sought psychiatric treatment resulting from the alleged emotional distress they claim was caused by this incident. Mr. Harrison Dep. at 71-73.

22. Mr.. Harrison has not suffered from stomach problems or required any medication resulting from the alleged emotional distress they claim was caused by this incident. Mr. Harrison Dep. at 71, 68.

23. Mr. Harrison has admitted that, "this incident could have been avoided if [his] check hadn't bounced." Mr. Harrison Dep. at 49.

                    RESPECTFULLY SUBMITTED,
                    DEFENDANTS,
                    John Mihalick and Julie Mihalick

By:_____
    Paul W. Smith, ESQ.
    Federal Bar Number Ct16867
    36 Main Street
    PO Box 338
    Windsor Locks, CT 06096

348174

# **CERTIFICATION**

This is to certify that a copy of the foregoing, LOCAL RULE 56c)(1) STATEMENT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT , has been sent via U.S. certified mailed, postage prepaid, this ___ day of January 2004, to the following counsel of record:

Robert O. Wynne, Esq.
Gould, Killian & Wynne
280 Trumbull Street
Hartford, CT 06103

JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.
One State Street
PO Box 231277
Hartford, CT 06123

                        By:_____
                            Paul W. Smith, Esq.
                            36 Main Street
                            P.O. Box 338
                            Windsor Locks, CT 06096