UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH HARRISON, LAURA HARRISON and D & L AUTO BODY : <br><br>  Plaintiffs, : <br><br> v. : <br><br> SEAN MCMAHON, GERALD R. CHARAMUT, JOHN MIHALIK, and JULIE MIHALIK : <br><br>  Defendant. : | CIVIL ACTION NO. 3:02cv477(AVC) <br><br><br><br><br><br><br><br><br><br> JANUARY 28, 2004 |

**<u>AFFIDAVIT</u>**

The undersigned, JOHN MIHALICK, being duly sworn says as follows:

(1) That I am over the age of eighteen (18) years and understand the obligation of an oath.

(2) I am a defendant in the matter of Kenneth Harrison v. Sean McMahon et al CIVIL ACTION NO. 3:02cv477(AVC). The plaintiff's complaint refers to me as John Mihalik (sp).

(3) The defendant Julie Mihalick is my wife.

(4) I operated a trucking business in 1999 known as J.P.Transportation and did business with the defendant, D & L Auto Body & Towing, Inc.("D&L") transporting cars.

(5) My wife assisted me in my business affairs and did most of the banking and bookkeeping for my business.

(6) The plaintiff, Kenneth Harrison was a principal of D&L.

(7) On January 28, 1999 I received a check from D & L Auto Body & Towing. Inc. for $2,640.00 as payment for work he had performed for them.

A true and accurate copy of the check is attached hereto marked exhibit A.

(8) I gave the check to my wife to deposit in our bank account.

(9) I later learned that the check was no good and had my wife attempt to contact Mr. Harrison.

(10) My wife or I contacted the Berlin Police Department about the bad check when my wife could not resolve the matter with Mr. Harrison.

(11) We were instructed by the Berlin Police Department to send a certified letter to D&L.

(12) With my wife's assistance I forwarded a letter by certified mail to Mr. Harrison.

A copy of the letter is attached hereto Marked Exhibit B.

(13) My wife and I met with Mr. Harrison on February 14, 1999. He requested the check and told us he would make restitution. We refused to release the check to him.

(14) I received from Mr. Harrison by mail six western union money orders totaling $2,640.00.

(15) It was my understanding that the bank would not accept the money orders for deposit or to be cashed.

(16) When my wife could not resolve the issue of the money orders with Mr. Harrison, I went to the Berlin Police Department.

(17) I went, with my wife, to the Berlin Police Station on February 22, 1999 to sign an arrest warrant application. At that time I had explained to the Police Officer who assisted us about the bad check and the money orders.
A true and accurate copy of the arrest warrant applications which I signed is attached hereto Marked Exhibit C.

(18) It was my understanding that Mr. Harrison was charged with issuing a bad check.

(19) I with my wife appeared in Middletown Superior Court regarding the charges against Mr. Harrison a number of times in hopes of resolving the issue of the bounced check.

(20) In May of 1999 I received a letter dated May 1, 1999 from Attorney Robert O. Wynne on behalf of D & L asking that me to contact him.

A true and accurate copy of the letter is attached marked Exhibit D.

(21) My wife contacted Attorney Wynne.

(22) I received a second letter from Attorney Wynne on May 14, 1999 in which indicated that he had contacted EFCU and that EFCU would now accept the money orders.

A true and accurate copy of the letter is attached hereto marked Exhibit E.

(23) After the letter from Attorney Wynne and following instructions from the States Attorneys Office in Middletown, Connecticut my wife deposited the money orders in the bank.

(24) I never contacted Subaru or any other customer of D&L regarding the bounced check nor did I ever withhold a delivery of cars or threaten to do so to Subaru or any other person.

_____

John Mihalick

Subscribed and sworn to before me, this           day of January, 2004

_____

Paul W. Smith
Commissioner of the Superior Court