UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH HARRISON, LAURA HARRISON and D & L AUTO BODY : : : Plaintiffs, : : v. : : SEAN MCMAHON, GERALD R. CHARAMUT, JOHN MIHALIK, and JULIE MIHALIK : : : Defendant. : | CIVIL ACTION NO. 3:02cv477(AVC) JANUARY 28, 2004 |

## AFFIDAVIT

The undersigned, JULIE MIHALICK, being duly sworn says as follows:

(1)   That I am over the age of eighteen (18) years and understand the obligation of an oath.

(2)   I am a defendant in the matter of Kenneth Harrison v. Sean McMahon et al CIVIL ACTION NO. 3:02cv477(AVC). The plaintiff's complaint refers to me as Julie Mihalik (sp).

(3)   The defendant John Mihalick is my husband.

(4)     The defendant John Mihalick operated a trucking business in 1999 and did business with the defendant, D & L Auto Body & Towing, Inc.("D&L") transporting cars.

(5)     At all times mentioned herein, I assisted my husband in his business affairs and do most of the banking and bookkeeping for his business.

(6)     The plaintiff, Kenneth Harrison was a principal of D&L.

(7)     On January 28, 1999 my husband John Mihalick received a check from D & L Auto Body & Towing. Inc. for $2,640.00 as payment for work he had performed for them.

A true and accurate copy of the check is attached hereto marked exhibit A.

(8)     I took the check to Enfield Community Federal Credit Union ("ECFU") and deposited it.

(9)     The ECFU notified me on February 2, 1999 that the check had been returned for insufficient funds.

(10)    I attempted to contact Mr. Harrison at D & L Auto Body & Towing, Inc. on several occasions to resolve the matter of the returned check but the issue of the bad check was never resolved.

(11)    In early February 1999 I forwarded a letter sign by my husband to D&L by certified mail regarding the check.

A true and accurate copy of the letter is attached hereto marked Exhibit B.

(12) I received by the certified mail return card form the post office.

A true and accurate copy of the certified mail receipt is attached hereto marked Exhibit C.

(13) After receipt of the letter, I had contact with Mr. Harrison about replacing the bad check.

(14) My husband and I met with Mr. Harrison on February 14, 1999. He requested the check and told us he would make restitution. We refused to release the check to him.

(15) Mr. Harrison mailed to my husband six western union money orders totaling $2,640.00.

A true and accurate copy of the money orders are attached hereto marked Exhibit D

(16) I took the money orders to ECFU and attempted to deposit them in our checking account. ECFU refused to accept the money orders. ECFU would not accept the money orders because they were not signed on the front by the purchaser.

(17) I attempted to contacted Mr. Harrison and explain the problem with the money orders

(18) My husband and I then went to the Berlin Police Station on February 22, 1999 to sign an arrest warrant application.

(20)  It was my understanding that Mr. Harrison was charged with issuing a bad check.

(21)  My husband and I appeared in Middletown Superior Court regarding the charges against Mr. Harrison a number of times in hopes of resolving this matter.

(22)  In May of 1999 my husband received a letter dated May 1, 1999 from Attorney Robert O. Wynne on behalf of D & L asking that we call him.

A true and accurate copy of the letter is attached marked Exhibit E.

(23)  I contacted Attorney Wynne and explained that the bank refused to accept the money orders because they were not signed by the purchaser.

(24)  My husband received a second letter from Attorney Wynne on May 14, 1999 in which indicated that he had contacted EFCU and that EFCU would now accept the money orders.

A true and accurate copy of the letter is attached hereto marked Exhibit F.

(25)  After the letter from Attorney Wynne and following instructions form the States Attorneys Office in Middletown, I deposited the money orders in the bank.

(26)  I never contacted Subaru or any other customer of D&L regarding the bounced check.

   (27) I did contact Subaru when D&L were disputing what was owed to my husband and I requested documentation to support our claim but did not discuss the bounced check with anyone from Subaru.

                _____

                Julie Mihalick

Subscribed and sworn to before me, this      day of February, 2004

                _____

                Paul W. Smith
                Commissioner of the Superior Court