UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH HARRISON, LAURA HARRISON and D&L AUTO BODY & TOWING, INC. :<br><br>Plaintiffs, :<br><br>V. :<br><br>SEAN MCMAHON, GERALD R. CHARAMUT, JOHN MIHALIK and JULIE MIHALIK :<br><br>Defendants. : | CIVIL ACTION NO. 3:02CV477 (AVC)<br><br><br><br><br><br><br><br><br><br><br><br>APRIL 12, 2004 |

## LOCAL RULE 56(a)2 STATEMENT
## IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANTS' JOHN MIHALIK AND JULIE MIHALIK'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a)2 of the Local Rules, Plaintiffs, Kenneth Harrison, Laura Harrison and D&L Autobody & Towing, Inc. (hereinafter referred to collectively as "Plaintiffs"), submit the following response to Defendants, John Mihalik and Julie Mihalik's, Local Rule 56(a)2 Statement.

     1.     Plaintiffs admit the statement contained in paragraph 1.

     2.     Plaintiffs admit the statement contained in paragraph 2.

     3.     Plaintiffs admit the statement contained in paragraph 3.

4.   Plaintiffs admit the statement contained in paragraph 4.

5.   Plaintiffs admit the statement contained in paragraph 5.

6.   Plaintiffs admit the statement contained in paragraph 6.

7.   Plaintiffs admit the statement contained in paragraph 7.

8.   Plaintiffs admit the statement contained in paragraph 8.

9.   Plaintiffs admit the statement contained in paragraph 9.

10.  Plaintiffs admit the statement contained in paragraph 10.

11.  Plaintiffs admit the statement contained in paragraph 11.

12.  Plaintiffs admit the statement contained in paragraph 12.

13.  Plaintiffs admit the statement contained in paragraph 13.

14.  Plaintiffs admit the statement contained in paragraph 14.

15.  Plaintiffs deny the statement contained in paragraph 15.  Deposition of Julie Mihalick of 8/7/03 ("Julie Mihalick Dep.") at 53-55.

16.  Plaintiffs admit the statement contained in paragraph 16.

17.  Plaintiffs admit the statement contained in paragraph 17.

18.  Plaintiffs admit the statement contained in paragraph 18.

19.  Plaintiffs deny that a nolle was entered on the charges against Kenneth Harrison.  K. Harrison Dep. at 53; transcript of record in State v. Harrison, CR

990182036S, 7/8/99, attached to Plaintiff's Memorandum of Law ("Plaintiffs' Memo.") as Exhibit N.

20. Plaintiffs deny that statement contained in paragraph 20. Julie Mihalik Dep. at 54.

21. Plaintiffs admit the statement contained in paragraph 21.

22. Plaintiffs admit the statement contained in paragraph 22.

23. Plaintiffs admit the statement contained in paragraph 23.

## DISPUTED ISSUES OF MATERIAL FACT

1. In January of 1999, Mr. Harrison employed co-defendant John Mihalick as an independent contractor to haul cars for D&L. . Deposition of Kenneth Harrision of 8/8/03 ("K. Harrision Dep.") at 92.

2. The agreement reached was that Mr. Mihalick would be paid on a monthly basis for hauling cars. Id. at 10.

3. After working for Mr. Harrison for only two weeks, Mr. Mihalick informed him that he needed money. Ibid.

4. When passing the disputed check to Mr. Mihalick on January 28, 1999, Mr. Harrison told Mr. Mihalik to hold the check as he had to deposit a check in his account and wait for it to clear. K. Harrision Dep. at 10 & 113.

5. On the very same day that Mr. Harrison gave the check to Mr. Mihalick, Julie Mihalick, the secretary and bookkeeper for Mr. Mihalick's business, presented the check to her bank, Enfield Community Federal Credit Union, for deposit. Julie Mihalick Dep. at 8 & 16.

6. After Mr. Harrison received the letter from the Mihalicks informing him of the Bounced Check, Mr. Harrison spoke to the Mihalicks and informed them he would provide them with the money orders for the Bounced Check. K. Harrison Dep. at 19.

7. On or about February 14, 1999, Mr. Harrison remitted $2,640.00 in cash to Western Union's local agent, Stop and Shop, in exchange for Western Union money orders. Id. at 8.

8. Mr. Harrison gave the Money Orders to Mr. Mihalick the same day. Id. at 11.

9. The Mihalick's bank refused to giver her cash for the money orders, or credit her account for cash for the money orders, because her account did not have the funds in it to cover the $2,640.00 in money orders. Julie Mihalick Dep. at 53-55.

10. Mr. Mihalick informed Detective McMahon that he received Western Union money orders from Harrison, but that he was unable to cash them. Deposition of Sean McMahon of 8/7/03 ("McMahon Dep.") at 41.

11. Mr. Mihalick stated to Detective McMahon that he was unable to cash the

money orders because they were not signed. Id. at 40.

12. Detective McMahon accepted the bald assertion of Mr. Mihalick that Mr. Harrison failed to make restitution. Id. at 43-49.

13. Mr. Mihalick signed an affidavit in support of the arrest warrant application that stated "no restitution has been made." Arrest Warrant Application attached to Plaintiffs' Memo. as Exhibit E.

14. Detective McMahon suggested that Mr. Harrison provide new money orders. L. Harrison Dep. at 41.

15. Detective Harrison was informed by Western Union that it would take five to seven business days to cancel money orders. Id. 43.

16. Detective Harrison was concerned that if they sent the Mihalicks new money orders, they would have two sets of valid money orders and that they could cash both sets before the cancellation of the original money orders was effective. Ibid.

17. Detective Harrison was also concerned that if Mr. Harrison waited for the five to seven days for the original money orders to be cancelled and then provided the Mihaliks with new ones, he may get picked up on the arrest warrant in the interim before it was vacated. Id. at 43-44.

18. Detective Harrison was informed by Western Union that the money orders

were valid with a signature of the purchaser and Western Union provided her with a letter to that effect. Id. at 45-46.

19. On March 30, 1999, Mr. Harrison was arrested by Detective McMahon on the arrest warrant. Id. at 53; K. Harrison Dep. at 45-46.

20. The Mihalick's bank did in fact accept the same Money Orders for deposit that Mr. Harrison gave them on or about February 14, 1999. John Mihalick Dep. at 76; Julie Mihalick Dep. at 54 & 64.

21. Mr. Harrison never signed the Money Orders prior to the Mihalick's depositing them. Affidavit of Ken Harrison of 4/8/04, ¶ 9, attached to Plaintiffs' Memo. as Exhibit L.

22. After the arrest of Mr. Harrison on March 30, 1999 the State's Attorney's Office determined the money orders were valid when they were given to the Mihalick's by Mr. Harrison on February 14, 1999. Letter from Anthony Duarte to Mr. Mihalick dated June 15, 1998 (sic) attached to Plaintiffs' Memo. as Exhibit M.

23. On July 8, 1999, the court entered a dismissal of the charges against Mr. Harrison. Transcript of State v. Harrison, CR 990182036-S, July 8, 1999 attached to Plaintiffs' Memo. as Exhibit N.

PLAINTIFFS,

_____
Robert O. Wynne
Gould, Killian & Wynne
280 Trumbull Street, 21st Floor
Hartford, CT 06103
TEL: (860) 278-1270
FAX: (860) 244-9290
Federal Bar No. CT 10394

## **CERTIFICATION**

      I hereby certify that on the 12th day of April 2004 a copy of the foregoing was sent via first-class mail, postage-prepaid to:

James N. Tallberg, Esq.
Updike Kelly & Spellacy, P.C.
One State Street
P.O. Box 23127
Hartford, CT  06123-1277

Paul W. Smith, Esq.
36 Main Street
P.O. Box 338
Windsor Locks, CT  06096

                                                                                    Robert O. Wynne