FILED

2004 APR 22 P 4: 25

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| KENNETH HARRISON, LAURA HARRISON AND D & L AUTO BODY & TOWING, INC. : : : | CIVIL ACTION NO. 3:02CV477(AVC) |
| Plaintiffs, : | |
| V. : | |
| SEAN MCMAHON, GERALD R. CHARAMUT, JOHN MIHALICK, and JULIE MIHALICK : : : | |
| Defendants. : | APRIL 22, 2004 |

**DEFENDANTS' JOHN MIHALICK AND JULIE MIHALICK REPLY TO PLAINTIFFS' OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

**I. PROCEDURAL HISTORY**

On April 12, 2004 plaintiffs filed an Objection to defendants' John and Julie Mihalick ("defendants Mihalick") Motion for Summary Judgment. The defendants Mihalick now file this Reply in response to plaintiffs' objection.

**II. STATEMENT OF FACTS**

Plaintiff, Kenneth Harrison claims that he told the defendant John Mihalick when he tender defendant John Mihalick the check in question not to deposit it for one week. Memorandum of Law in Support of Plaintiffs' Objection to Defendants' John Mihalick and Julie

PAUL W. SMITH • ATTORNEY AT LAW
36 MAIN STREET • P.O. BOX 338 • WINDSOR LOCKS, CT 06096
TELEPHONE (860) 627-0513 • TELECOPIER (860) 623-1026 • JURIS NO. 102195

Mihalick Motion for Summary Judgment ("Plaintiffs' Memorandum") at 4. The defendant John Mihalick in his deposition denied ever receiving such an instructions from the plaintiff. Deposition of John Mihalick 8/7/03 at 29, 30. The plaintiff now allege that this factual dispute is the basis for their claim of malicious prosecution.

### III. ARGUMENT

**A. Standard of Review.**

To defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). The nonmoving party "must present concrete particulars and cannot succeed with purely conclusory allegations." *Fitch v. R.J. Reynolds Tobacco Co.*, 675 F.Supp. 133, 136 (S.D.N.Y.1987) (citation omitted). There is no issue for trial unless there exists sufficient evidence in the record favoring the party opposing summary judgment to support a jury verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

PAUL W. SMITH • ATTORNEY AT LAW
36 MAIN STREET • P.O. BOX 338 • WINDSOR LOCKS, CT 06096
TELEPHONE (860) 627-0513 • TELECOPIER (860) 623-1026 • JURIS NO. 102195

2

**B. The plaintiffs' claim that defendants' Mihalick must have a good faith belief that the plaintiff Harrison intended to defraud them is not support by the facts of the case or the law.**

The plaintiffs in their argument assert that the defendant Mihalick's must have a good faith belief that plaintiff Kenneth Harrison intended to defraud them. Plaintiffs' Memorandum at 11. The intent to defraud is an element of the crime of issuing a bad check under CGS 53a-128. <u>State v. Callahan</u>, 23 Conn. Supp. 374, 377, 183 A.2d 861, 863 (1962) 1 Conn. Cir 247, 250 (1962).

The plaintiffs' now try to buttress their weak claim of malicious prosecution against the defendants by claiming that the plaintiff Harrison told the defendant John Mihalick not to cash the check for a week when he tendered it to the defendant, John Mihalick. Memorandum at 11. However, in their complaint which sets forth the plaintiffs factual allegations. Paragraph 16 alleges:

"The defendants John P. Mihalick and Julie Mihalick instigated procured and/or effected the plaintiff Kenneth R. Harrison's arrest by falsely informing the police that the plaintiff had failed to make restitution for a check that had not been honored."

Further in response to written interrogatories relating to probable cause plaintiff Kenneth Harrison under oath stated as follows:

PAUL W. SMITH • ATTORNEY AT LAW
36 MAIN STREET • P.O. BOX 338 • WINDSOR LOCKS, CT 06096
TELEPHONE (860) 627-0513 • TELECOPIER (860) 623-1026 • JURIS NO. 102195

3

"16. State the facts that support your allegation that the defendants, Sean McMahon and Gerald Charamut failed to conduct a proper investigation to determine probable cause your arrest and detainment as alleged in the Complaint.

A proper investigation would have revealed that I made proper and timely restitution to the defendant Mihalick"

A copy of the pertinent portions of the response is attached hereto marked exhibit A.

The plaintiff Harrison, both in its complaint and under oath never claims that he told the defendants not to negotiate the check and that this supported his claim of lack of probable cause.

The plaintiffs' further assert that the defendants' Mihalick must have probable cause to believe that each and every element of the charged offense. Plaintiffs' Memorandum at 10. 11. In support of this proposition the plaintiffs' cite *State v. Heinz*, 193 Conn. 612, 617, 407 A.2d 452, 456 (1984) which is a criminal case involving determination of warrants by a judicial officer. The affidavit must recite sufficient facts so that the judicial officer who issues the warrant can, relying solely on the information thus brought to his or her attention, make an independent determination that probable cause exists as to each element of every crime charged. *State v. Heinz*, 193 Conn. 612, 617, 407 A.2d 452, 456 (1984) (other citations omitted)

The standard for probable cause for individuals who contact the authorities to make a criminal complaint is different. The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary precaution, prudence and judgment, under the circumstances, in entertaining it....

PAUL W. SMITH • ATTORNEY AT LAW
36 MAIN STREET • P.O. BOX 338 • WINDSOR LOCKS, CT 06096
TELEPHONE (860) 627-0513 • TELECOPIER (860) 623-1026 • JURIS NO. 102195

4

Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of.... Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted. _DeLaurentis v. New Haven,_ 220 Conn. 225, 256, 597 A.2d 807 (1991). Further the existence of probable cause is an absolute protection, and what facts, and whether particular facts, constitute probable cause is always a question of law.... _Vandersluis v. Weil,_ 176 Conn. 353, 356, 407 A.2d 982 (1978)." It is up to the court not a trier of fact to determine probable cause.

As long as the defendants' Mihalick have a good faith belief in the facts they related to the police and a belief they had grounds to make a complaint to the police their burden of probable cause is satisfied.

Further, the bad check statue has a statutory presumption of fraudulent intent if under CGS §53a-128 sub. b the payee in this case the defendants Mihalick sent notice by certified mail to the the issue, plaintiff Harrison, and the issuer fails to make good within eight days. Payment of the check within 8 days prevents the operation of the statutory presumption and while payment of the check does not necessarily prevent conviction, it is relevant, taken together with

PAUL W. SMITH • ATTORNEY AT LAW
36 MAIN STREET • P.O. BOX 338 • WINDSOR LOCKS, CT 06096
TELEPHONE (860) 627-0513 • TELECOPIER (860) 623-1026 • JURIS NO. 102195

5

other factors, as tending to disprove an intent to defraud. <u>State v. Callahan</u>, 1 Conn. Cir 247, 250 (1962) 23 Conn. Supp. 374, 377, 183 A.2d 861, 863 (1962).

In this case, its undisputed that the plaintiff Harrison gave money orders to the defendants Mihalick to make payment on the dishonored check. But as the plaintiffs acknowledge in their memorandum " … the Mihalicks bank refused to accept the money orders…" Plaintiffs' Memorandum at 15. Therefore, after being unable to resolve the issue with the plaintiff Kenneth Harrison, defendants Mihalick were within their rights to contact the police and sign an affidavit fully disclosing of all the facts relating to the money orders.

The plaintiffs argue that "a reasonable jury could find that in making the false statement that no restitution had been made and insisting on Mr. Harrisons arrest, Mr. Mihalick went beyond what is tolerated in a decent society." Plaintiffs' Memorandum at 16.

In fact, the opposite occurred, the defendants Mihalicks provided the authorities with all the facts, including those surrounding the money orders. See Affidavit of Sean McMahon dated January 30, 2004, page 2, paragraph 6, 7, 8 and 9, exhibit H to defendant McMahon's Memorandum of Law.

PAUL W. SMITH • ATTORNEY AT LAW
36 MAIN STREET • P.O. BOX 338 • WINDSOR LOCKS, CT 06096
TELEPHONE (860) 627-0513 • TELECOPIER (860) 623-1026 • JURIS NO. 102195

6

## IV. CONCLUSION

For the foregoing reasons the defendants respectfully request that the court enter judgment in favor of the defendants on counts four and five of the plaintiffs' complaint.

RESPECTFULLY SUBMITTED,
DEFENDANTS,
John Mihalick and Julie Mihalick

By: _____
Paul W. Smith, Esq.
Federal Bar Number Ct16867
36 Main Street
PO Box 338
Windsor Locks, CT 06096

PAUL W. SMITH • ATTORNEY AT LAW
36 MAIN STREET • P.O. BOX 338 • WINDSOR LOCKS, CT 06096
TELEPHONE (860) 627-0513 • TELECOPIER (860) 623-1026 • JURIS NO. 102195

7

## CERTIFICATION

This is to certify that a copy of the foregoing, Defendants' John Mihalick and Julie Mihalick Reply to Plaintiffs' Objection to Motion for Summary Judgment and accompanying exhibits, has been sent via U.S. certified mailed, postage prepaid, this 22nd day of April, 2004 to the following counsel of record:

Robert O. Wynne, Esq.
Gould, Killian & Wynne
280 Trumbull Street
Hartford, CT 06103

James N. Tallberg, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
PO Box 231277
Hartford, CT 06123

By: _____
Paul W. Smith, Esq.
36 Main Street
P.O. Box 338
Windsor Locks, CT 06096

PAUL W. SMITH • ATTORNEY AT LAW
36 MAIN STREET • P.O. BOX 338 • WINDSOR LOCKS, CT 06096
TELEPHONE (860) 627-0513 • TELECOPIER (860) 623-1026 • JURIS NO. 102195

8

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH HARRISON, LAURA HARRISON and D&L AUTO BODY & TOWING, INC.<br><br>    Plaintiffs<br><br>V.<br><br>SEAN MCMAHON, GERALD R. CHARAMUT, JOHN MIHALIK and JULIE MIHALIK<br><br>    Defendants | CIVIL ACTION NO. 3:02CV477 (AVC)<br><br><br><br><br><br><br><br><br><br>July 24, 2003 |

### PLAINTIFF KENNETH HARRISON'S RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

### INTERROGATORIES

1. Please state the following:

    (a) your full name and any other name(s) by which you have been known;

    **Kenneth Harrison**

    (b) your date of birth;

    **05/18/65**

13. Have you made any statements as defined in Federal Rule 26, to any person, regarding any of the events or happenings alleged in your complaint?

   **No.**

14. Within the past ten (10) years, have you ever been arrested?

   **No.**

15. If the answer to Interrogatory No. 14 is in the affirmative, please state for each arrest the following:

   (a) the date of the arrest;

   (b) the time and place of said arrest(s);

   (c) the crimes you were charged with;

   (d) the sentences penalties and/or fines levied against you.

   **Not applicable.**

16. State the facts that support your allegation that the defendants, Sean McMahon and Gerald Charamut failed to conduct a proper investigation to determine probable cause your arrest and detainment as alleged in the Complaint.

   **A proper investigation would have revealed that I made proper and timely restitution to the defendant Mihalik.**

## CERTIFICATION

This is to certify that the foregoing answers to Interrogatories and Requests for Production are true and correct to the best of my knowledge and belief.

_____
Kenneth Harrison

Subscribed and sworn to before me, this 24th day of July, 2003.

_____
Robert O. Wynne
Commissioner of the Superior Court

LAW OFFICES • GOULD, KILLIAN & WYNNE • 280 TRUMBULL STREET • 25TH FLOOR • HARTFORD, CT 06103-3595 • (860) 278-1270 • FAX (860) 244-9290 • JURIS NO. 24240